IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSHUA YANCHIK § | |
| § | |
| *Plaintiff*, § | Civil Action No. 5:23-cv-440 |
| § | |
| v. § | |
| § | |
| JUDSON INDEPENDENT SCHOOL § | |
| DISTRICT, JUDSON INDEPENDENT § | |
| SCHOOL DISTRICT POLICE DEPARTMENT,§ | |
| CHIEF TERESA RAMON, and OFFICER § | |
| ALEXANDER GONZALEZ, § | |
| § | |
| *Defendants*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT**

NOW COMES, JOSHUA YANCHIK, by and through his undersigned attorneys, and files this, *Plaintiff's Original Complaint*, complaining of Defendants, Judson Independent School District, Judson Independent School District Police Department, Chief Teresa Ramon, and Officer Alexander Gonzalez, and would show the Honorable Court and Jury the following in support thereof:

### I.
### JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiff seeks relief for violation of his rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C § 1367.

4. The events that give rise to this lawsuit took place in San Antonio, Texas.

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Texas.

## II.
## PARTIES

6. Plaintiff, JOSHUA YANCHIK, is a citizen of the State of Texas and resides in the City of San Antonio, County of Bexar, Texas.

7. Defendants are all, upon information and belief, Texas municipal entities and/or individual members of law enforcement agencies, in an appointed or elected capacity.

8. Defendant, Judson Independent School District, operates the Judson Independent School District Police Department, a law enforcement agency, and is a municipal entity capable of being sued under Texas law. The Judson Independent School District is the legal entity responsible for the Judson ISD Police Department. Plaintiff bases all applicable and appropriate claims as to the Defendants Judson ISD and Judson ISD Police Department on the doctrines of respondeat superior or vicarious liability, and municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In accordance with Federal Rules of Civil Procedure Rule 4(j)(2), Defendant, JUDSON INDEPENDENT SCHOOL DISTRICT POLICE DEPARTMENT, may be served with process through its Chief of Police, Teresa Ramon at 8012 Shin Oak Drive, Live Oak, Texas 78233. **Service is requested at this time**.

9. Defendant, Teresa Ramon, was at all times relevant, the Chief of Police of the Judson ISD Police Department. She is sued in her personal, official, and individual capacities pursuant to applicable law.

10. Defendant, Officer Alexander Gonzalez, is employed by the Judson ISD Police Department as a law enforcement officer in Judson ISD and was acting under the color of state law. He is sued in his personal, official, and individual capacities pursuant to applicable law.

### III.
### FACTS

11. This is an action brought by Plaintiff against Defendants, Judson Independent School District (Judson ISD), Judson ISD Police Department, Judson ISD Police Department Chief of Police Teresa Ramon, and Officer Alexander Gonzalez, for use of unnecessary, excessive force under the color of state law resulting in the injuries sustained by Plaintiff in violation of his rights under the Fourth Amendment of the United States Constitution secured pursuant to 42 U.S.C. § 1983.

12. On or about January 12, 2022, Plaintiff Joshua Yanchik, was an invitee at Kirby Middle School located at 5441 Old Seguin Road, San Antonio, Texas when Officer Gonzalez arrived at the school and began yelling at Plaintiff.

13. Officer Gonzalez subsequently began wrestling Plaintiff to the ground, slamming him down and causing Plaintiff to injure his ankle. At no point did Plaintiff threaten, pose any danger to, or display any weapon or aggressive behavior toward Officer Gonzalez, and there is no evidence that Officer Gonzalez or any third party feared for their lives or the lives of anyone else at the time excessive force was used against Plaintiff.

14. Plaintiff thereafter lay on the ground screaming in agony as a result of the excessive force used by Officer Gonzalez.

## IV.
## CLAIMS

A.    *42 U.S.C. § 1983: Excessive Force Claims Against Defendant Officer Gonzalez*

15.    Plaintiff incorporates by reference all of the foregoing and further pleads and alleges as follows:

16.    Defendant, Officer Gonzalez, who was acting under color of law and regulations of the State of Texas and the Judson ISD Police Department, recklessly used excessive force against Plaintiff when Plaintiff posed no threat of serious bodily injury or death to anyone.

17.    Defendant Officer Gonzalez's unlawful use of force against Plaintiff was clearly excessive and was objectively unreasonable in light of the circumstances and established law, and directly caused Plaintiff's injuries. Therefore, Officer Gonzalez's actions violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from use of excessive force and any unreasonable seizure of his person, and said actions were taken with deliberate indifference to those Fourth and Fourteenth Amendment rights of Plaintiff.

18.    As a direct and proximate result of Defendant Officer Gonzalez's actions, Plaintiff suffered agonizing pain and mental anguish.

B.    *42 U.S.C. § 1983 Claims Against Defendant, Judson ISD Police Department*

19.    Plaintiff incorporates by reference all of the foregoing and further pleads and alleges as follows:

20.    The acts and omissions of Defendants on the occasion in question were unlawful unreasonable, unconscionable, deliberately indifferent, wanton and depraved, and were the proximate cause and the producing cause of the injuries, aggravation of injuries, damages, and aggravation of damages, and ultimately caused the injuries of Plaintiff. Defendants are liable to

Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and his federal rights under § 1981.

21. Officer Gonzalez's actions were unlawful, excessive, inappropriate, and amount to depraved and wanton use of force, in that Officer Gonzalez intentionally exercised the department's inadequate policies, and inadequate training in attempting to restrain Plaintiff who was posing no threat to Officer Gonzalez or any other third party.

22. Defendants, Judson ISD and the Judson ISD Police Department, are liable to Plaintiff under 42 U.S.C. § 1983 because the department's inadequate policies, inadequate training, inadequate hiring practices, and its established customs and practices constituted deliberate indifference to the deprivation of constitutional rights of Plaintiff and other citizens in this case and other prior cases, and those customs and practices served as the moving force behind Defendant Officer Gonzalez's use of excessive force against Plaintiff, who Defendant Officer Gonzalez injured while no threat existed to Officer Gonzalez or any other third party. Defendants' inadequate policies, procedures, customs, and practices include, but are not limited to, the following:

 a. Inadequate de-escalation policies for preventing use-of-force violations by officers;

 b. Inadequate training programs for officers in the proper use of force;

 c. Inadequate hiring and retention policies resulting in a failure to refrain from hiring and retaining officers who presented obvious risks of committing use-of-force violations;

 d. Negligent hiring, retention, and supervision with respect to Defendant Officer Gonzalez, an officer that the department knew or should have reasonably known was unfit to hire and retain because of Officer Gonzalez's history of force violations within the department and in other department offices; and,

 e. Inadequate disciplinary policies that failed to adequately punish officers for committing use-of-force violations.

23. Judson ISD Police Department Chief of Police Teresa Ramon is the official policymaker for the Judson ISD Police Department with regard to all policies relevant to the acts and omissions that resulted in the deprivation of Plaintiff's constitutional and federal rights.

24. The acts and omissions of Judson ISD, the Judson ISD Police Department, Chief of Police Teresa Ramon, and Officer Alexander Gonzalez were a proximate cause of Plaintiff's injuries.

## V.
## DAMAGES

25. Defendants, Judson Independent School District, Judson ISD Police Department, Chief of Police Teresa Ramon, and Officer Alexander Gonzalez, deprived Plaintiff of his civil rights under the United States Constitution and under federal and state law. Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force behind the injuries and damages to Plaintiff, and those same acts and/or omissions proximately caused and/or were the moving force behind the injuries of Plaintiff. Accordingly, Plaintiff Joshua Yanchik, asserts claims under 42 U.S.C. § 1983.

## VI.
## EXEMPLARY DAMAGES

26. The conduct of Officer Alexander Gonzalez justifies an award of punitive and exemplary damages against Officer Alexander Gonzalez due to his extreme, outrageous, and unjustifiable conduct. Officer Alexander Gonzalez acted with malice and acted intentionally, recklessly, or with callous indifference to the unlawful deprivation of Plaintiff's constitutionally protected rights.

## VII.
## ATTORNEY'S FEES

27. It was necessary for Plaintiff Joshua Yanchik to hire the services of the undersigned attorneys to represent him in this complex and difficult proceeding and attendant cause of action. Plaintiff hired the undersigned attorneys to represent him, and pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act, he is entitled to recover his reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim. Plaintiff is entitled to an award of attorney's fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. § 1988(b) of the Federal Civil Rights Act when he prevails.

## VIII.
## PRESERVATION OF EVIDENCE

28. Plaintiff requests and demands that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint including, but not limited to video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the Officers or the Department and their respective law enforcement agencies, including Judson Independent School District and the Judson ISD Police Department.

## IX.
## JURY DEMAND

29. Pursuant to Rule 48 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

## X.
### PRAYER FOR RELIEF

30. Accordingly, Plaintiff, Joshua Yanchik, asks that judgment be awarded against Defendants, Judson Independent School District, Judson ISD Police Department, and Officer Alexander Gonzalez, pursuant to 42 U.S.C. § 1983, in an amount in excess of $100,000.00 for:

a. compensatory damages against all Defendants, jointly and severally;

b. punitive damages as to Officer Alexander Gonzalez;

c. attorney's fees, including reasonable and necessary expenses such as expert fees, pursuant to 42 U.S.C. § 1988;

d. costs of court;

e. prejudgment and post-judgment interest at the highest rate allowable under the law; and,

f. all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**HARPER LAW FIRM**
1314 E. Sonterra Blvd, Suite 5402
San Antonio, Texas 78258
(210) 780-3881; Telephone
(210) 780-3881; Facsimile
taylor@harperlawtx.com; Email
sam@harperlawtx.com; Email

BY: _____
TAYLOR W. HARPER
Texas Bar No. 24091573
SAMUEL W. ROYSTON
Texas Bar No. 24100321